IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DARRYL R. ALEXANDER,** <br> *Plaintiff,* <br><br> v. <br><br> **EXPERIAN**, <br> *Defendant,* | CIVIL ACTION <br> NO. 23-2964 |

## MEMORANDUM RE: MOTION TO DISMISS

**Baylson, J.**                                                                                                     **December 12, 2023**

### I.    Introduction

Plaintiff Darryl Alexander initiated this action against Defendant Experian for alleged inaccuracies in a credit report prepared by a third-party, Equifax. Because Plaintiff named the wrong defendant, this Court will **GRANT** Defendant's motion to dismiss without prejudice.

### II.    Procedural History

On July 6, 2023, Plaintiff Darryl Alexander filed suit against Defendant Experian in Pennsylvania State Court, alleging Experian violated several provisions of the Fair Credit Reporting Act. 15 U.S.C. §§ 1681 et seq, and Pennsylvania defamation law. Experian properly removed the action to this Court on August 2, 2023. This Court retains jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1332, and 28 U.S.C. § 1367.

On August 9, 2023, Defendant moved to dismiss the case for failure to state a claim. Plaintiff has not responded to Defendant's Motion, notwithstanding this Court's Order that he do so. Order to Respond, ECF 7.

### III.   Factual Allegations

On June 9, 2023, Plaintiff reviewed a credit report, issued by Equifax. (emphasis added). Pl. Compl. ¶¶ 9–10, ECF 1–1. Plaintiff claims he found five transactions on Equifax's report that were inaccurate. Id. at ¶ 11. Plaintiff then sent an email to various corporate officers of Defendant, Experian, to rectify the errors on Equifax's report. Id. at ¶ 12 (emphasis added). On June 14, 2023, Plaintiff also made telephone calls to Defendant Experian to correct Equifax's report. Id. at ¶ 15. Plaintiff sent a demand letter to the same effect on June 22, 2023. Id. at ¶ 16. The inaccurate information remained on Plaintiff's Equifax report. Id. at ¶ 17.

### IV.   Legal Standard

In considering a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n. 7 (3d Cir. 2002)). To survive the motion, a plaintiff must "plead 'sufficient factual matter to show that the claim is facially plausible,' thus enabling 'the court to draw the reasonable inference that the defendant is liable for misconduct alleged.'" Warren Gen. Hosp., 643 F.3d at 84 (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). At the same time, the Third Circuit favors substance over form—"a plaintiff is not required to establish the elements of

a prima facie case but instead, need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." Fowler, 578 F.3d at 213 (internal citations and quotations omitted).

### V.     Discussion

Defendant raises several arguments for dismissal. This Court only need address one. Plaintiff does not allege facts that Experian rather than Equifax is responsible for the disputed credit report, and the alleged violations stemming from its inaccuracies. Moreover, without response from the Plaintiff to correct or address this concern, this Court cannot make out inferences that the facts have not alleged.[1] Mala v. Crown Bay Marina, Inc., 704 F. 3d 239, 245 (3d Cir. 2013) ("pro se litigants still must allege sufficient facts in their complaints to support a claim."). Simply put, the Court must conclude the Plaintiff has named the wrong defendant and dismiss the action without prejudice. See Rivera v. Wal-Mart Stores, Inc., 2005 WL 2862246 (E.D. Pa. Oct. 31, 2005) (granting motion to dismiss when plaintiff named wrong corporate entity). An Order will be forthcoming.

---

[1] This Court notes that Plaintiff has sued Transunion, before this Court, asserting similar claims based on a false credit report generated by Transunion. Alexander v. Transunion, No. 23-cv-2750 (E.D. Pa. July 19, 2023). Plaintiff has responded to several Orders in that case and properly named Transunion as the Defendant. Pl. Compl., No. 23-cv-2750, ECF 1–6. This is noted as relevant to Plaintiff's ability to properly name defendants and respond to court orders.